*Eastern Dist.*
*May, 1839.*

DENEUFBOURG
*vs.*
GAIENNIE.

---

## DENEUFBOURG *vs.* GAIENNIE.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT, JUDGE
BUCHANAN PRESIDING.

Where by consent of the parties, the case is submitted to an auditor, with the powers of an amicable compounder, his award cannot be opened by the court, but must be homologated as it stands, having the effect of a definitive judgment.

This is an action on a promissory note executed by the defendant.

The latter excepted to the action, and averred, that there existed between the plaintiff and defendant, an act of co-partnership, the fifteenth article of which, expressly provided, that all matters in dispute, arising between them, shall

EASTERN DIST. be referred to arbitrators (*des arbitres amiables compositeurs*)
May, 1839.    for their decision.    That the note sued on was given for the
DENEUFBOURG  purposes of the partnership, and the plaintiff has, therefore,
*vs.*        no cause of action.    This exception was overruled, and a
GAIENNIE.    general denial pleaded.

There was another suit between the same parties growing
out of their partnership affairs, and the two were consoli-
dated.

By consent of parties, these cases were referred to two
judicial arbitrators.  This order was changed, and the whole
matter in controversy was submitted to a single auditor, who
was to report in twenty days, and the parties bound them-
selves to comply with the judgment of the court to be
rendered on the award.

The award gave a large balance against the defendant, in
the settlement of their partnership affairs, and he made oppo-
sition to the award, alleging various errors in *calculations,*
&c.    The court dismissed the opposition, under the fifteenth
article of partnership between the parties, which made the
functions of the auditor those of an amicable compounder,
and his award cannot be examined by the court.

The defendant appealed.

*Canon,* for the plaintiff.

*C. Janin,* for the appellant.

*Eustis, J.,* delivered the opinion of the court.

Where by        Under a rule of court, by the consent of parties, the case
consent of the  which involved the settlement of a partnership concern, was
parties the case
is submitted to  referred to an auditor.    Bonds were given by the parties
an auditor, with  conditioned to comply with the judgment, which should be
the powers of an
amicable com-   rendered by the court on the award of the auditor.
pounder,    his     Oppositions were filed to the award, but the judge was of
award cannot be
opened by the   opinion, that under an article of the partnership, which had
court, but must
be homologated  existed between the plaintiff and defendant, the powers of
as it stands, hav-  the auditor were those of an amicable compounder.    The
ing the effect of
definitive judg-  article contains a positive agreement, prohibiting them from
ment.

resorting to courts for the termination of their difficulties or contestations, which may arise between the parties, during or at the expiration of the partnership, and binding them- selves to abide by the decision of amicable compounders. We think the judge did not err, in considering the appointment of the auditor by the parties, with reference to their contract of partnership, and that the award could not be opened by the court, on the grounds alleged by the defendant in his oppositions. *Code of Practice*, 460.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.